The issue of Esias failed in 1772 by the death of his only daughter and heir at law, who had intermarried with the defendant, who had taken possession under her title, claiming as husband.
Ezekiel and David died before 1772. Simon Pearce, one of the lessors of the plaintiff, is the grandson and heir at law of Ezekiel, whose claim it is admitted is saved from the operation of the statute of limitations by the disabilities of himself and of those under whom he claims.
The other lessors are the heirs at law of David and Josiah. Soon after the issue of Esias became extinct, to wit, in October, 1779, Josiah commenced an action for the land in question against William House, the defendant, which action abated in 1778, by Josiah's death, his issue and heirs at law being infants, and that disability has continued in them until within three years next before the commencement of this action. (723)
Noah, the son of David, came of age and brought an ejectment in 1782, and was nonsuited in 1783; he afterwards, about the same year, took possession of that part of the land which had been allotted to the widow of Esias, and he, and those claiming under him, have been in possession ever since, but under what title does not appear.
Twenty-five or thirty years ago the defendant House obtained a deed in fee from the heir at law of the donor in the deed of gift, and has continued in possession thereof in virtue of his marriage with the heir at law of Esias.
I think the plaintiff is bound by the act of (725) limitations, and therefore cannot recover.
An ejectment is a possessory action, and the lessor of the plaintiff must have the right to enter for the purpose of making the *Page 508 
lease. Whenever that right is destroyed, the ejectment, which is founded upon such supposed right, must fail; and when such action is brought, it is incumbent upon the plaintiff to show this right of entry. The act of 1715 limits this right of entry to seven years, and unless a plaintiff can show a possession of himself or those under whom he claims, within seven years, that right becomes barred. There is no substantial difference between our act and that of James, except as to the length of time; and Lord Mansfield, in Taylor v. Horde, reported in 1 Burr., 60, says the plaintiff in ejectment must fail without showing such possession or accounting for want
of it, under some of the exceptions contained in the statute of James. Whatever may be the effect of bringing an action so as to prevent a descent from barring an entry, according to the rules of the common law, it is very clear that under the act 1715 one action cannot be used so as to prevent the operation of the act against a subsequent one, unless the subsequent action be brought within one year; and as to the second suit, there is no saving whatever.
It is not, therefore, necessary to inquire whether the suit of the ancestor failed under such circumstances as admit of a new suit being benefited by it, or whether or not that section of the act relates to real actions, as this suit was not brought within one year. Mr. Justice Buller, in his law of Ni. Pri., p. 102, lays it down as established law that the plaintiff must show such possession, and also adds that another suit within
twenty years will not be sufficient; and to this may be added the very respectable opinion of Mr. Williams, in his notes on 1 Saunders' Reports, 319; 3 ib. 173, note 2, who seems partly to accord with the doctrine; andLord Holt, in Ford v. Gray, reported in Salkeld, says that an actual entry to avoid the act of limitations must be made, unless there be good reasons for not doing so. As, therefore, a continual claim is nothing but (726) an entry in law, and as a suit is but equal to a claim, according to this case, even if a suit were to be considered as a kind of entry, still it would not avail unless there were special reasons for not making an actual entry. It seems never to have occurred to Mr. Justice Buller, or Mr. Williams, that by the bringing of the first suit the plaintiff became possessed in law; and Mr. Williams, by way of caution, advises where the right of entry is nearly elapsed, that before the bringing the suit the plaintiff should make an actual entry, which, in case of failure in the suit contemplated, will serve in another, though there the twenty years be expired, if the last suit shall, according to the statute of Anne, be brought within one year of the entry.
And this opinion obviously suggests another remark in respect to the effect of the suit. If the bringing the ejectment is equal to a claim, and a claim equal to an entry, the bringing of this suit without any actual *Page 509 
entry would have had the same effect upon the subsequent suit. As the whole of the proceedings of ejectment are fictitious, the confession by the defendant of lease and entry only applies to a fictitious statement, and is therefore no evidence of such a lease and entry, but merely to try whether, when they are stated to have taken place, the lessor had power in law to make them.
The act, therefore, having commenced its operation in the lifetime of the lessor of the plaintiff's ancestor, will continue to run without being controlled by subsequent disabilities; and the suit brought by the ancestor, having no influence upon the present action, and as more than seven years have elapsed since the time the action or right of entry accrued to the ancestor, both he and his heirs stand barred by the act from entry or claim.
HALL, J., DANIEL, J., and RUFFIN, J., concurred.
NOTE. — See Andrews v. Mulford, 2 N.C. 311, and the cases referred to in the note upon the question of the statute of limitations. The right of one of several co-heirs may be preserved by his being under a disability, whilst the rights of the others who are under no disability may be barred. McCree v. Alexander, 12 N.C. 321.
Cited: Frederick v. Williams, 103 N.C. 191; Copeland v. Collins,122 N.C. 622; Dobbins v. Dobbins, 141 N.C. 219; White v. Scott,178 N.C. 638; Clendenin v. Clendenin, 181 N.C. 471.
(727)